EN BANC ORDER

This matter comes before the Court sitting en banc on the Motion for Reconsideration/Rehearing filed by Ray Charles Spi-vey. On November 28, 2011, the Circuit Court of Scott County dismissed Spivey’s action due to excessive filings. The court enjoined Spivey from filing — and the Scott County Circuit Clerk’s office from aecept-ing — any further filings in this action. Spivey filed a motion for relief in this Court, which was denied.
Spivey then filed a motion to reconsider, and we ordered the circuit court to provide us with “the authority which allows the Scott County Circuit Court to enjoin Petitioner from further filings in cause no. 08-CV-018-SC-C.” The circuit judge responded that his authority to prohibit Spi-vey from any future filings in the case was based on his authority and duty to manage the court’s docket.
Section 24 of our Constitution says that our courts belong to — and must remain open for — the people.[1] And Section 25 could not be more clear: “No person shall be debarred from prosecuting or defending any civil cause.”[2] Although the trial judge correctly concluded that trial judges have a right — indeed a duty — to control their courts’ dockets, that duty must be balanced against the constitutional right granted by Section 25. Here, the judge barred Spivey from prosecuting his claim in the circuit court, in direct violation of Section 25.
IT IS THEREFORE ORDERED that the Motion for Reconsideration/Rehearing filed by Ray Charles Spivey is granted.
IT IS FURTHER ORDERED that all language in the “Order Dismissing and Preventing the Acceptance of Further Filings” enjoining Spivey from filing, or the Scott County Circuit Clerk’s office from accepting, further filings in cause no. 08-CV-018-SC-C be struck.
SO ORDERED.
/s/ Jess H. Dickinson ■ JESS H. DICKINSON, PRESIDING JUSTICE
*568 TO GRANT: DICKINSON, P.J., KITCHENS, CHANDLER, KING AND COLEMAN, JJ.
RANDOLPH, P.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY WALLER, C.J., LAMAR AND PIERCE, JJ.

. Miss. Const, art. 3 § 24 ("All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.”)

. Miss. Const, art. 3 § 25.